The court today is Phil-Insul Corp. v. Airlite Plastics Co. 161982, an appeal from the District Court of Nebraska. Mr. Adams, you want five minutes for rebuttal? Mr. Adams, did we issue a mandate in the first appeal following our Rule 36 order? Yes, you did. Doesn't that mean the appeal was final? I beg your pardon? Doesn't that mean the appeal was final? Yes, it does. We're not arguing that that appeal was not final. I'm not arguing the case that was before the first court. What I'm arguing here is whether or not collateral estaba ought to apply in a Rule 36 judgment broadly. And at least in this case, if it is to be applied, the court misapplied it in the lower court. So clearly you would concede that race judicata would apply if in fact there was the same parties, right? Yes, I would. So as it relates to collateral estaba, is it your position broadly that collateral estaba never applies with a Rule 36 judgment? I'm suggesting to the court is that that's what the court should rule. Simply because there's just not enough information in a Rule 36 judgment to guide the lower court in going through the collateral estaba factors and deciding that collateral estaba applies or does not apply. Suppose that instead of a Rule 36, we'd issued a short, non-presidential opinion, two sentences. One saying the appellant argues two claim construction issues. We reject his argument, period, affirmed. Would that be sufficient to establish a predicate for collateral estaba? Absolutely. I don't think there's any question about that. I mean, that's what the aspect case is all about. Once you have a – well, I guess you're drawing a distinction between a short statement and a full opinion. Yeah. And it would depend on what is in the short statement. The short statement is just what I said. I beg your pardon. We quote the two arguments or we allude to the two arguments made by the appellant and say we reject those arguments. Yes, then I think that would be a final judgment. I think that collateral estaba would apply because you would know exactly what are the factors or you could apply the collateral. But when a party makes only two arguments and there's a Rule 36 and those arguments are not independent grounds. They're dealing with separate products. Why isn't that a perfectly equivalent determination that there – we know from which we can tell what the court decided? I don't think it's equivalent at all, Your Honor. It depends upon – number one is the fact pattern that you offer is that there are two arguments. Well, what are those two arguments? Let's be more specific. If you say that one of the arguments is that there was a – that the claim construction was incorrect and the short statement then says is the claim construction was correct, that's the end of the case. Supposing we say in an opinion for the reason stated in the opinion below we affirm. I believe that's what you do in Rule 36. I mean basically that's what you're saying is we accept – Supposing we say we adopt the opinion below. I don't think it makes any difference. I think the language is – I mean – So you know exactly our reasoning. I beg your pardon? You know exactly our reasoning, the reasoning in the opinion below, and you're saying that's Rule 36. Well, but that's – the Texact case is basically saying is you cannot look at what is in the – what was decided when you say that our opinion or our judgment is based on the judgment below. As a judge of the Court of International Trade, I have this court adopt an opinion which I wrote. I don't think so. But Texact – Oh no, it happened. Well, I don't know about that, Your Honor. But Texact – What I'm saying is I don't think that that distinguishes what – or answers the argument that I'm raising. Right, but Texact is very narrow though. I mean it says where there are mutually exclusive grounds – Understood, Your Honor. Then we don't give collateral estoppel effect. But here you don't have that circumstance, do you? That's correct. If we had alternative grounds, all right, as we tried to point out in the brief, there are independent grounds, but they're not alternative grounds. If there were alternative grounds, of course, the – So your argument would be stronger if they were completely alternative. Well, I think it would be conclusive, all right? But the fact is we're not arguing that. What we're arguing is, is that Texact, from our point of view, was a sea change in the court's attitude towards Rule 36 judgments versus full opinions, precedential or non-precedential. And simply because, as the Texact case kept repeating again and again, is we don't make any assumptions based on what we say. The court said that on several occasions, right? But what if I read Texact to only apply to circumstances in which there are clearly independent alternative grounds? Can you fall into that category? No, we cannot, Your Honor. There are two grounds here. The lower court was all confused. But the fact is that we appealed an infringement judgment. That infringement judgment was for literal infringement and for doctrine of equivalence in judgment. But that appeal, that turned on the claim construction, correct? In other words – No, I'm sorry. I beg your pardon. The reason that the court below found infringement was because of the way the court construed the claim. For literal infringement? Yes, I think that's true. And then for DOE, the court found that you were estopped from raising DOE. Right. It did not get to the merits of the doctrine of equivalence. It ruled on prosecution history estoppel. So if we entered a judgment as to DOE and the only ground below was that you were estopped, then that means that we adopted that ground, right? There was no alternative ground for why there would be no DOE, right? Yes, that's correct. That's correct. But the point is whether or not what you have by affirming the lower court and the judgment is you have made a decision with respect to the claim construction. And that is what the collateral estoppel issue is in this case. It's not whether or not the judgment is proper or not. The question is whether or not the claim construction in the original case is binding in this case. Were there multiple limitations on each claim that were found not to be satisfied? Well, my second argument, Your Honor, is that there was no adjudication of claim two in the first case. There was no construction of claim two, claim two being dependent on claim one. There was no holding of non-infringement. There was no holding of invalidity. So claim two was not fully adjudicated. Both your opponents on the lower court disagreed with that, didn't they? I'm not sure that they disagreed with claim two or not. What the court did with it is to say, well, if claim one is an independent claim and the claim construction order applies to claim one, the term adjacent in claim one, then if claim one with that construction is not infringed, then claim two cannot be infringed. But our argument is if claim two was never adjudicated in the first case, then we take what is adjudicated in the claim construction in claim one and accept that. That is to say is that the court in that construction said there is one panel. The claim was broad. It had the term construction member. But if, in fact, you are bound by the claim construction as to claim one, if we conclude that, then what would be your argument that claim two wouldn't be infringed? Because claim two, the court can construe claim two, the same limitation in claim two as in claim one because there's no estoppel. Why is there no estoppel? Well, if the construction of claim one is binding, as Judge O'Malley says, then doesn't that resolve the construction of the same term with respect to claim two? No, I don't think so, Your Honor. Why? Well, because of the context. We have to come back then and look at claim one. But the language is employed in both claims, right? Say again, please. The same language applies to both claims. Yes, yes. So if, in fact, that same language is read as the court read it in claim one and as we affirmed it in claim one, then there's no way that claim two could infringe, right? No, I disagree, Your Honor. When a limitation is construed in an independent claim and then nothing is done with claim two, that there was no construction of claim two, right? Now you come before the court in a second case and say claim two was never construed. So you're saying that the exact same language could be construed differently? In the context of a different claim, yes. So if you had claim one is to a violin case and claim two— I'm sorry. Claim one is to a new type of violin case. Claim two, which has a particular kind of clasp on it. Claim two is to that violin case, only it has to be black, okay? And that's a dependent claim. And the construction of the case and the clasp in the first case is that the clasp has to be a particular kind of double-edged clasp, okay? And in the second case, you have exactly the same product. But you say, aha, because they have a black violin case, I'm going to sue them under claim two, even though the clasp is exactly the same clasp that was held not to be within the claim in the first case. You're saying you could still go ahead with claim two? Yes, because in your example, you said both products are the same, all right? Again, I'm going to come back to claim one. Claim one recited a construction member. The spec said that a construction member may be a panel or a block. When the court construed the prosecution history, it said it added the word panel into claim one. It thus limited claim one to panel. What claim did you assert in reward law? Claim one, excuse me, claim one, Your Honor. You didn't assert claim two? No, we did not assert claim two. So coming back to your example, Judge Bryson, what we have is in claim one, we have a panel. In claim two, it recites a block. A block has two panels. We have two different products, all right? As in many dependent claims, you add limitations, and it brings the claim outside of what was in the original claim. In other words, claim two was fine before the construction because claim two said it's a block. And claim three said it's a panel. And claim one said it's a block or a panel. But when the judge construed the prosecution history, the judge amended, if you will, claim one. And you didn't agree with what the judge did? Of course not. No, but that's the issue that you took to the Court of Appeals and lost on. Yeah, that is true. And that's why I'm not here arguing claim one. I'm saying that claim two is a different product. And that consequently is the same limitation in claim one that was construed adversely leading to non-literal infringement when placed in claim two in the context of this different product requires additional construction. And that construction is explicit in claim two. It says that this is a panel. Excuse me, this is a block. The block has two panels. There are two rows of projections and recesses. Again, that limitation taken from claim one. And now it says that each of the rows of projections and recesses is on one panel, and the second is on the other panel. And when you reach that conclusion, then you have infringement in this case. So it makes all the difference in the world. In the prior case, you had different defendants. And you didn't accuse them of infringing the same claims, right? You had some defendants that you said infringed claim one and some that you said infringed claim two. No, that's not correct. We brought all the claims in the complaint. And when we got to the claim construction, the court said because of the way the case had been transferred from the Eastern District of Texas and the way that they proceed is you have a suggestion from the parties as to what words or phrases should be construed. And we said to the court that we should construe the term adjacent. And there's another limitation, and that's not really important here. So what the court below did is it construed claim one. It looked for infringement and found no infringement, literal infringement of claim one. It found no infringement under the doctrine of equivalence of claim one. And so consequently, it had no effect on claim two. And our argument is simply is that limitation that was and we accept that limitation lamentably, but we accept that limitation was properly construed in the first case. But that limitation when now we're in move it to the dependent claim must be construed again. Okay. You've more than used up your time. I'll give you two minutes for rebuttal. Thank you. May it please the court. Your honors, I'd like to begin by directing you to a certain page within the appendix to address the judge's question about whether claim two was asserted. Can you speak up just a little bit? Sure. To determine whether claim two was asserted or not. And that is appendix page 4205 and 4206. It's the Integraspects asserted claims. This was the asserted claims that were asserted against the products that are relevant here. And on page 2 or on 4206, we see the listing of asserted claims. Yeah, I see that. But when you look at the judge's order, the judge's order doesn't really differentiate between the claims. That's right. It's a little awkward. Absolutely. So what are we to make of that? Because claim two incorporates all the limitations of claim one. And the claim terms that were construed were in claim one. Therefore, if the constructions of the terms in claim one were dispositive, it would resolve the issues. Right. So in other words, they never really actually even asserted claim one. The court was just using claim one because it was representative of the limitations that appeared in every other claim. Correct, Your Honor. That's my understanding. And also in regard to the affirmance of the district court's non-infringement judgments in reward law, I believe we can specifically determine from only the Rule 36 affirmance that the two claim constructions on appeal were considered by this court without legal error. Because there are two separate claim constructions, did the court actually find that neither limitation was satisfied? Or did they just simply say that it didn't satisfy all the limitations of the claim? Those particular limitations, Your Honor. So in the first non-infringement judgment that's relevant for one of our estoppel claims regarding the Nodura product that has one row projections and recesses on each sidewall, at issue there was the adjacent limitation. So the court first construed the adjacent limitation and determined that the accused Nodura product did not infringe that limitation either literally or under the doctrine of equivalence. Then the second non-infringement judgment that's relevant here regards the adjacent limitation. Oh, no, I'm sorry, the dimension limitation. Dimension. So the court constructed dimension. What was the product that was at issue in the first case in that? For which claim construction? For dimension. For dimension, that was the reward I form product. And that was the product that had two rows with projections that varied in volume by greater than 10%. So in other words, both claim constructions were necessary for the lower court's judgment. That's correct. So neither claim construction could support both non-infringement judgments. And also, yeah, they were expressly necessary because that was the only limitation that was applied to each respective non-infringement judgment. And on appeal, those two claim construction issues were raised, one with respect to product, one the NADURA product, two with respect to the second product, the I form. Exactly correct. And the two products that are at issue here, you say, are in all meaningful respects identical to the NADURA and I form. That's correct, Your Honor. I don't think in that respect. Now, on that last point, all of our cases where we say that the second product is not meaningfully different than the first, those are all cases with respect to design around by the same defendant. Are they not? I don't believe so, Your Honor. I mean, it's one thing to say that there is collateral estoppel as to a claim construction, but quite another to say that there's collateral estoppel as to infringement. Now, I think in this particular case that there is a stipulation that there would be no infringement if the claim construction stands. Or alternatively, that the lower court said no reasonable jury could find infringement. But I don't think with different parties that you could collaterally estop an infringement finding as to a different product. I'm not sure that's correct, Your Honor. I believe so. Well, if it's a different product, how could you? Well, because the issue is the same. The issue is exactly the same. I take it that the issue would be that there is collateral estoppel with respect to that particular claim limitation. But that doesn't necessarily, as Judge O'Malley says, that doesn't necessarily mean that's the end of the case, assuming that the product has other features and so forth. And there may be some reason that the product, either through the doctrine of equivalence or otherwise, doesn't end up being foreclosed from infringement by that claim construction. I think what matters are the features of the product, whether it's made by the same party or a different party. Right, but the question is, does that matter because of collateral estoppel, or does it matter because the court would say, given that this other product doesn't infringe, no reasonable jury could find that this one does, or that you have, which I think you have here, a stipulation of non-infringement, assuming the claim construction stands. In other words, it's one thing for us to say, where someone is trying to design around, and they've already been found to have infringed a claim, that we look to see if it's patently distinct. But quite another for us to say, for a totally unrelated party, that you can collaterally estop an infringement finding. I think that's exactly what collateral estoppel is designed to prevent, though, Your Honor. And my understanding of the case law regarding whether it's the same issue or not, it's not whether it's the same party. It's whether the features of the products are the same. So whether if it's made by the party who made the same product in the prior case or a different party, what matters is the features. So in the first case, in the reward ball case, we'll take the Nodura product for an example. There, the court made a decision that a block with one row of projections and recesses on the top and bottom of each sidewall simply cannot infringe the adjacent limitation, either literally or the doctrine of equivalence. So anyone else who makes that same block, whether it's Nodura, the party involved in the first case, or anyone else, they still have the same features. And so that creates the exact same non-infringement issue. I'm not sure if I'm answering your question properly, Your Honor, or if I misunderstood it. Well, let's take the dimension. Let me see if I understand where you're going with this. Let's take the dimension limitation, which is within 10%, plus or minus, I think, is the way it was initially construed. So your position, I take it, is that that decision of the district court in the first case, affirmed by this court by Rule 36, is binding, and by collateral estoppel on all subsequent efforts by the plaintiff to sue other parties with regard to other products. So the decision as to what the word dimension means is what's binding. On the other hand, if somebody else comes in with a product that is different, in that it's much closer to 10%, or maybe right at the margin of 10%, that binding kind of construction might not result in a judgment of non-infringement. So that other product, you'll have to look at the other product and see if the binding part of the claim construction ends up barring that infringement action. Right? I think that's right. Yeah, generally right. But as far as the claim construction itself, that's fixed by virtue of collateral estoppel. Yes. OK. Yeah, I think that's right. And here, we have the added issue that the patentee never appealed the non-infringement determination. So as far as that goes, that's wrapped into the affirmance under Rule 36 and barred from a further adjudication as being part of the original order. Yes, that's race judicata as to those defendants. And all of those cases where we talk about not meaningfully different are race judicata cases. And they are cases where it is the same party. Here, we have different parties. And I'm not saying that in this particular case that the claim constructions wouldn't kill their infringement argument, because I think they've stipulated that it would. But I'm saying that whether it's under collateral estoppel or some other theory is an important distinction legally. And that's exactly what collateral estoppel is supposed to be designed for, though, to stop the issue from being really litigated against someone else. But the issue is, does product A infringe? That was decided. The issue of whether product B infringes has never been decided. It has. No, it hasn't. No, it hasn't. The best you can say is that because they're not sufficiently different, or because they're at least not patently different, that therefore, the court should enter some re-judgment. Or the other side, in good faith, has to stipulate to non-infringement. But it doesn't mean it's been decided. OK. That's fair, for that particular product. But the issue has been decided. The issue is what matters. The claim construction issue, you're saying, has been decided. But the issue of infringement has not, because the other product may not be foreclosed by the claim construction in the first case. Even applying that claim construction, that product may still infringe. Yes. And I would go a step further, in that if the accused product in the second case simply had the same features, the exact same feature that was in the product in the first case, that was determined to not infringe, then the second product simply cannot infringe. But not under collateral. That would be a separate determination. The judge would have to go to step two, which is that the judge would have to say, OK, I'm looking at these two products. There is no way that a jury could find that this product infringes, given the claim construction that I'm bound by. Yeah. And it appears to me that that's exactly what Judge Battaglia did in this case. I think so, yes. All right. With respect to DOE, was that issue raised in the first appeal? No. So they didn't appeal the DOE findings? No. No, they didn't appeal any of the decisions underlying the non-infringement judgments. We only appealed the claim construction issues. Well, they appealed the non-infringement, because they appealed the claim construction, and the claim construction leads to the inclusion. Right. Yes. But as to DOE, as to the finding in the first case, that they were stopped from asserting DOE, they did not appeal that, right? Not as a separate issue. As it's assumed in the claim construction, presumably, yes. But they did not. No, yes, right. So the lower court judgment on that one stood, because it was never appealed. That's right. That's right. OK. Anything else? Any other questions? Thank you. OK, two minutes. I'm going to come back to, and it's the difference in the products that we're talking about, and the difference in the claims. Because Claim 1, as construed, applied to a panel. Consequently, the court then rendered a non-infringement judgment, DOE, and literal infringement with respect to a panel. The claim did not read on a panel. OK, but in this case, you stipulated that if, in fact, the claim constructions, if you were bound by those claim constructions, that there would be no infringement as to this product, right? No. No, what we stipulated to was, we said that the claim construction is, we're going to agree that the claim construction is correct. However, that's not binding on the construction of Claim 2, because Claim 2 is a different product. Where's the stipulation in the record, please? I'm not sure I could find that off the top of my head, Your Honor. But the point simply is, if we had stipulated that the claim was, perhaps I've confused you, Your Honor. I think we stipulated that Claim 1 is not infringed in the second case. That's clear. But that's not the claim asserted. The claim asserted in the second case is Claim 2. Well, you stipulated that you can't meet the construed limitations. Correct, yes. Which is the same thing as saying that we could not, or that we must stipulate to infringement. But again, I'm drawing the distinction between Claim 1 and Claim 2 and what we stipulated to. And I take that Judge Bryson's point, and that is there's a difference in the product. Claim 1 is a panel product. Claim 2 is a block product. So in as much as the claim limitation adjacent was decided in the first case, it was decided in the context of a panel. And what we're saying is, since we now have a different product, we're talking about a block that the claim language that is in the independent claim must be reconstrued in light of this different product. And this different product had two panels. And therefore, you could have one row on one panel, one row on the other. Whereas in Claim 1, there's only one panel, so both rows have to be on the same panel. Once the court said that Claim 1 is limited to a panel, it inexorably followed that both rows were on the same panel. And when both rows are on the same panel, there is no infringement. So what we're saying is, is when you get to Claim 2 and you have two panels, you have, again, carrying the limitation at least two rows from Claim 1 into Claim 2. Now you can position those two rows, one on one panel, one on the other panel. And consequently, a block which had one row on each panel would infringe Claim 2. It would not infringe Claim 1, of course. OK. Thank you. The case is already submitted. This court is adjourned. All rise. The Honorable Court's adjourned. There's no more to continue.